On 4 August, 1916, J. McR. Grady conveyed certain standing timber upon four tracts of land to the Enterprise Lumber Company. The defendant by proper conveyances has acquired the rights of the grantee in said deed. The grantee and its successors had ten years to cut and remove said timber with the further agreement as follows: "It is *Page 39 
agreed that in consideration of the amount as above set forth it shall have as much as five years longer in which to cut and remove said timber by paying to the said J. McR. Grady of the first part the sum of one hundred and twenty dollars per year for each and every additional year that it may consume in cutting and removing the said timber, the said payment to be due each year and payable upon demand of the parties of the first part and upon failure to pay when demanded in any year of such additional time all right of the said party of the second part shall cease, but no forfeiture shall be made unless upon demand and refusal to pay."
On 2 December, 1921, Grady conveyed a part of said land, containing about 103 acres to his daughter, the plaintiff in this action. The evidence tended to show that the extension money for the year 1926 was paid to Grady, the grantor, the plaintiff acquiescing in such payment. Grady wrote the defendant on 18 July, 1928, stating that he was due $90.00, and his daughter, the plaintiff, $30, as that was the amount paid in 1926. However, it was admitted that this was an error, because one-fifth of $120.00 would amount to only $24.00. On 4 August, 1927, plaintiffs made demand upon one Nufer for one-fifth of the extension money. It does not appear in the evidence who Nufer was, but it does appear that a man named Hoffler was the agent of the defendant "who attended to these extensions for the company." No demand was ever made by anyone upon Hoffler until Grady wrote a letter demanding $96.00. This amount was promptly paid, and Grady testified that he claimed no forfeiture. On the same day Hoffler offered to pay plaintiff $24.00, and she declined to accept, contending that a forfeiture had resulted. Whereupon, the sum of $24.00 was paid to the clerk by the defendant for the use of plaintiff.
At the conclusion of plaintiff's evidence, there was judgment of nonsuit, and the plaintiff appealed.
We see no evidence in the record tending to establish the claim of the plaintiff. It appears that the plaintiff and Grady were confused about the division of the extension money through no fault of defendant. While there is evidence of a demand, it does not appear that the demand was made upon the agent having the matter in charge for the defendant. Upon the entire record it appears to us that the trial judge was correct in his ruling.
Affirmed. *Page 40